### J. F. HUMPHREYS & CO.

*v.*

### J. M. ROTH *et al.*

*Filed at Springfield October 14, 1895.*

1. APPEALS AND ERRORS—*who may complain of error in decree on cross-bill.* A complainant whose bill was properly dismissed cannot complain, on appeal, of error in the decree on a cross-bill.

2. VARIANCE—*in proof as to the ownership of property.* Proof that property sought to be subjected to a judgment against a husband was owned by the wife, or that she purchased and paid for it as her own property, although the legal title was once in her husband, is a fatal variance from a bill charging the beneficial ownership in the husband.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Plaintiff in error, having recovered a judgment in attachment in the county court of Champaign county against J. M. Roth for $160 and costs of suit, levied upon and caused to be sold six feet off the east side of lot 9 and twenty-two feet off the west side of lot 8, block 6, in the town of Fisher, in Champaign county, itself becoming the purchaser. It subsequently filed this bill, alleging that one J. B. Savage claimed to be the owner of said property and that the legal title is in him, but that he is not

the owner thereof, but is claiming the same for the bene-
fit of J. M. Roth, to defeat plaintiff. The bill also alleges
that Ida B. Roth, wife of J. M. Roth, claims some inter-
est in the property. The prayer is for a decree finding
the property subject to plaintiff's attachment, etc. J. B.
Savage, and Sarah L., his wife, and J. M. Roth and Ida B.
Roth, were made defendants. They filed a joint answer,
denying all fraud, and admitting that the legal title to
the premises described in the bill was in J. B. Savage,
but denying that J. M. Roth had any interest therein
except a verbal agreement by Savage to convey the same
to him upon the payment of $500. To this answer a gen-
eral replication was filed, and afterwards, at the March
term, 1894, Ida B. Roth filed her cross-bill, alleging that
she purchased said property of one A. D. Ricketts in
January, 1892, and received from him a deed therefor, for
which she paid the purchase price with her own separate
funds; that in April, 1892, to aid her husband in the
purchase of a stock of goods in Fisher, Illinois, from
said J. B. Savage, she conveyed the premises to Savage,
but that both the deeds from Ricketts to her and from
her to Savage, being unrecorded, were by agreement de-
stroyed and Ricketts deeded directly to Savage; that
afterwards, on July 15, 1892, her husband re-sold the
stock of goods to Savage, and that it was then agreed
by Savage, herself and J. M. Roth that said premises
should be reconveyed by Savage to her, which Savage
has frequently since been requested to do, but has as
often failed to convey the same back to her; that J. M.
Roth paid nothing towards the purchase of the premises,
and has not now, and never had, any interest in the same,
except as her husband. Complainant in the original bill,
Savage and wife, and J. M. Roth, were made defendants
to this cross-bill, answers under oath, except as to J. M.
Roth, being waived, and a decree prayed dismissing the
original bill at the cost of the complainant therein, and
ordering J. B. Savage and Sarah L. Savage to execute a

good and sufficient deed of conveyance of the premises to oratrix.

On the fifth of March, 1894, J. M. Roth and Ida B. Roth, having obtained leave to withdraw their former answer to the original bill, answered over, denying that J. B. Savage holds the legal title to the property described for J. M. Roth, or that the latter is the owner thereof or ever had any interest therein except as husband of Ida B. Roth, and denying all collusion and fraud on the part of J. M. Roth, and averring that the premises are the separate property of Ida B. Roth, purchased and paid for with her own individual money. On the same day J. M. Roth filed a sworn answer to the cross-bill, admitting that its allegations were true in substance and in fact. Answers by the other defendants being filed, the cause was heard in open court, on written exhibits and oral proof. The original bill was dismissed for want of equity, and a decree entered granting the relief prayed in the cross-bill at the cost of the complainant therein.

FIFER & BARRY, and J. O. CUNNINGHAM, for plaintiff in error.

THOMAS J. SMITH, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Complainant in the original bill alone prosecutes this writ of error. The only ground of reversal urged by it is, that the decree of the circuit court is unsupported by the proofs, and the first and controlling question is, was its bill properly dismissed? If it was, even though the decree on the cross-bill is erroneous, no injury results therefrom to plaintiff in error, and it cannot complain.

While there is much uncertainty and indefiniteness in the testimony, it is clear that at the time the property was purchased by plaintiff in error on its attachment, the legal title was in J. B. Savage. It is so alleged in the

bill.   The fact that he got that title by the destruction of an unrecorded deed from Ricketts to either J. M. or Ida B. Roth, is, as between these parties, of no consequence. Nor do we think it makes any difference in the decision of this case to which of the Roths the destroyed deed from Ricketts was made.   It is not denied that Savage got the property in part payment for a stock of goods purchased by J. M. Roth prior to the incurring of his indebtedness to plaintiff in error.   It cannot therefore be said that the conveyance to Savage was for the purpose of defrauding it, nor is that the theory of its evidence. The testimony on its behalf on the hearing was to the effect, that by the contract of re-sale between Savage and J. M. Roth the latter was to have this property conveyed to him, but that he afterwards colluded with Savage to allow the title to remain in him for his (Roth's) benefit, to defraud plaintiff in error.   The chancellor who heard the cause evidently found against that contention.   The witnesses were before him, and we cannot say his finding is so clearly contrary to the weight of the evidence as to justify us in setting it aside.   While the testimony of both Mr. and Mrs. Roth as to the re-purchase of the property by the latter from Savage is inconsistent with the allegations of her cross-bill and his sworn answer as to the truth of those allegations, still, unless they have knowingly and willfully sworn falsely, J. M. Roth never owned the property or paid anything for it, and as to this fact they are wholly uncontradicted by any competent proof.   If, in fact, Mrs. Roth purchased and paid for it as her own separate property, plaintiff in error could not lawfully seize it for her husband's debts, even if the legal title had once been in him, unless it could show that it had been misled thereby to its injury, and, as we have seen, there is no claim, either in the allegations of its bill or its proof, that it gave J. M. Roth credit on the faith of his being the owner of this property.

It would seem that either party could have made the proof in this case much more satisfactory than has been done; but we are not disposed to interfere with the conclusion of the court below, to the effect that the original bill should be dismissed for want of equity. As already said, the allegations of the cross-bill are not in harmony with the testimony of either the complainant therein or her husband. It is a familiar rule, that to entitle a complainant in equity to relief the allegations and proofs must correspond. The decree here undeniably violates that rule. But it is also true that only parties injured by an error can have a reversal of a judgment or decree on that ground. No one affected by the decree on the cross-bill is complaining here, and therefore no grounds for its reversal are shown. It will accordingly be affirmed.

*Decree affirmed.*

158 190
170 197
172 413

158 190
83a 497

158 190
84a 609

158 190
85a 46

158 190
d90a 4201

158 190
203 4268
205 4142